■ Felix Saldana, Respondent, v Saratoga Realty Associates Limited Partnership et al., Defendants and Third-Party Plaintiffs-Appellants. Stewart/Perry Company, Inc., Third-Party Defendant-Appellant. [652 NYS2d 374] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Canfield, J.), entered January 18, 1996 in Albany County, which granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff was injured on July 29, 1993, when, in the course of his employment as a construction worker for third-party defendant, he fell from an elevated worksite while on premises owned by defendant Saratoga Realty Associates Limited Partnership. Assigned work on a second-floor mezzanine area that was accessible only by ladder, plaintiff had been seen climbing a ladder in that location approximately 5 to 10 minutes prior to his fall. After a crash was heard, plaintiff was found unconscious on the concrete floor below the mezzanine, with the ladder on the floor beside him. Plaintiff has no memory of the accident and there were no eyewitnesses. Medical reports indicate that his injuries were such as could only have been produced by a fall from a height of 10 to 20 feet.

In his complaint, plaintiff alleges, inter alia, that defendant's violation of Labor Law § 240 (1) was a proximate cause of his injuries. Defendants answered and interposed a claim against third-party defendant, the general contractor on the project who was plaintiff's employer. After issue was joined and depositions conducted, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Supreme Court granted the motion and this appeal ensued.

We affirm. Although plaintiff has not established the precise manner in which the accident occurred, it is undisputed that he was injured as a result of a fall, either from the ladder itself, which was neither tied nor secured in any fashion, or from the elevated mezzanine area where he was assigned to work. Absent any evidence tending to indicate otherwise, and bearing in mind the lower standard of proof to which an amnesiac plaintiff is to be held (see, Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 333-334), the only reasonable inference that may be drawn from this record is that plaintiff's injuries were the consequence of defendant's failure to furnish an appropriate safety device "so constructed, placed and operated" as to provide proper protection from the special gravity-related hazards associated with working at a significant height above the ground (see, Labor Law § 240 [1]; Gordon v Eastern Ry. Supply, 82 NY2d 555, 561; Ross v Curtis-Palmer Hydro-Elec.

*Co.*, 81 NY2d 494, 500-501; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524; *Niles v Shue Roofing Co.*, 219 AD2d 785, 785-786). Defendants having proffered nothing of an evidentiary nature that raises a bona fide question of fact as to the mechanism of the accident or cause thereof—in their attorneys' affidavits, they simply speculate as to how the fall may have occurred—summary judgment was properly granted (*see*, *DeRocha v Old Spaghetti Warehouse*, 207 AD2d 978, 979; *Sulem v B.T.R. E. Greenbush*, 187 AD2d 816, 818).

Cardona, P. J., Mikoll and White, JJ., concur. Ordered that the order is affirmed, with costs.