■ WILLIAM HALL, Respondent, v JAMES E. CONWAY et al., Appellants. [659 NYS2d 367] —Carpinello, J. Appeal from an order of the Supreme Court (Dier, J.), entered September 17, 1996 in Warren County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff, an independent contractor hired to repair a utility line on property in the Town of Luzerne, Warren County, commenced this action pursuant to Labor Law § 240 (1) to recover for injuries sustained when he fell from a ladder. This appeal by defendants is from an order granting plaintiff summary judgment on the issue of liability only.

Labor Law § 240 (1) requires that safety devices such as ladders "be so constructed, placed and operated as to give proper protection" to a worker (Labor Law § 240 [1]; *see*, *Klein v City of New York*, 89 NY2d 833, 834-835). Significantly, the failure to secure a ladder " 'against slippage by any means whatsoever constitutes a violation of Labor Law § 240 (1) as a matter of law' " (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 461, quoting *Urrea v Sedgwick Ave. Assocs.*, 191 AD2d 319, 320). We agree with Supreme Court that the uncontroverted evidence establishes, as a matter of law, that defendants failed in their duty to satisfy the requirements imposed upon them by this statute.

The evidence in the record establishes that the utility line which plaintiff was hired to repair and raise was connected to a building on the premises, a utility pole and a tree. In the course of performing his work, plaintiff positioned a ladder against the tree and was pulling the utility line through a ceramic insulator attached to the tree when the ladder "slipped and twisted", causing plaintiff to fall. It is uncontradicted that the ladder was not anchored to the tree, equipped with any securing device to prevent slippage or supported by a fellow

worker. Given this evidence, we find that plaintiff made a prima facie showing that defendants violated the statute by failing to ensure the proper placement of the ladder on the ground or the use of any safety precautions to secure it.

The only specific argument advanced by defendants in opposition to plaintiff's motion for partial summary judgment was that "[a] tree is clearly not an elevated structure" within the meaning of the statute.* On appeal, defendants unpersuasively rely on speculation and surmise, without any factual support in the record, as to what may have caused the ladder to slip to support their argument that summary judgment was improperly awarded to plaintiff (*see, Place v Grand Union Co.,* 184 AD2d 817). Because defendants failed to present any contradictory evidence raising a triable issue of fact, summary judgment was properly awarded to plaintiff (*see, e.g., Klein v City of New York, supra*; *Rodriguez v Forest City Jay St. Assocs.,* 234 AD2d 68; *Dennis v Beltrone Constr. Co.,* 195 AD2d 688; *Rodriguez v New York City Hous. Auth., supra*; *cf., Kingston v Hunter Highlands,* 222 AD2d 952).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We note that this argument has been abandoned by defendants on appeal.