■ MICHAEL WILLIAMS et al., Respondents, v GENERAL ELECTRIC COMPANY et al., Appellants. [779 NYS2d 155]—

Cardona, P.J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered August 29, 2003 in Schenectady County, which, inter alia, granted plaintiffs' cross motion for partial summary judgment on the issue of liability.

On January 19, 2002, plaintiff Michael Williams (hereinafter plaintiff) was employed by Labor Ready, a temporary manpower company, and assigned to work for defendant Air Structures American Technologies, Inc. (hereinafter ASAT) as a laborer at a construction site owned by defendant General Electric Company (hereinafter GE). After plaintiff fell from a ladder, he and his wife, derivatively, commenced this personal injury action alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6) against GE as owner of the site and ASAT as general contractor.

Following examinations before trial of plaintiff and his wife, ASAT moved for leave to amend its answer to add the defense that plaintiff was a special employee whose exclusive remedy was under the Workers' Compensation Law and then for summary judgment dismissing the complaint upon that ground. GE cross-moved for partial summary judgment dismissing plaintiffs' Labor Law § 200 claim and for a conditional order of indemnification with regard to ASAT. Plaintiffs cross-moved for partial summary judgment on the issue of liability against GE pursuant to Labor Law § 240 (1). Supreme Court granted ASAT's mo-

tion to amend its answer. Furthermore, the court granted plaintiffs' cross motion and denied, as academic, GE's cross motion for dismissal of the Labor Law § 200 claim.

Considering first plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), we do not agree with GE's contention that consideration of this cross motion was premature because discovery was incomplete. GE's opposing papers did not make the required showing that "further discovery may raise a triable issue of fact" (*Mitchell v Atlas Copco N. Am.*, 307 AD2d 635, 636 [2003]). Turning to the merits, when an elevation-related safety device collapses, slips or otherwise fails to perform its function within the meaning of Labor Law § 240, a plaintiff is entitled to judgment on the issue of liability, as a matter of law, unless the defendant submits competent evidence raising " 'a factual issue, or an acceptable excuse, for its failure to provide the "proper protection" ' " (*Squires v Marini Bldrs.*, 293 AD2d 808, 808-809 [2002], *lv denied* 99 NY2d 502 [2002], quoting *Davis v Pizzagalli Constr. Co.*, 186 AD2d 960, 961 [1992]; *see Longshore v Paul Davis Sys. of Capital Dist.*, 304 AD2d 964, 966 [2003]).

Here, plaintiff testified that he and two other laborers set an extension ladder against the frame of an inflatable dome structure which ASAT was erecting. The two workers held the ladder while plaintiff ascended it. Once in position, plaintiff began setting bolts when he heard an ASAT supervisor say that he needed help to move a piece of machinery. Plaintiff observed some workers walk over to the supervisor and, although he did not see the two workers who were holding his ladder leave, he realized that "no one was down there holding it." He indicated that he felt the feet of the ladder slide, sending him and the ladder to the ground. This evidence demonstrated that the ladder failed to support him and was sufficient to establish, as a matter of law, a prima facie case under Labor Law § 240 (1) (*see Longshore v Paul Davis Sys. of Capital Dist., supra* at 966; *Hall v Conway*, 241 AD2d 592 [1997]).

As for GE's contentions, plaintiff's uncertainty as to when the coworkers holding the ladder left does not raise a triable issue of fact since it fails to rebut plaintiff's unequivocal testimony that he realized no one was securing the ladder when he fell. Furthermore, the mere fact that plaintiff's accident "was not witnessed does not require that summary judgment be denied" (*Davis v Pizzagalli Constr. Co., supra* at 961; *see Stephen v Sico, Inc.*, 237 AD2d 709, 711 [1997]). Moreover, GE's contention that plaintiff's fall may have been occasioned by his drinking the evening before is speculation which is insufficient to defeat

summary judgment (*see Hall v Conway, supra* at 593). Because GE failed to offer contradictory evidence demonstrating the existence of a triable issue of fact, partial summary judgment was properly awarded to plaintiffs (*see Klein v City of New York*, 89 NY2d 833, 834-835 [1996]; *Hall v Conway, supra* at 593).

Having found that Supreme Court properly granted plaintiffs judgment under Labor Law § 240 (1), we find that it correctly denied, as academic, GE's cross motion for partial summary judgment dismissing plaintiffs' claim under Labor Law § 200 (*see Squires v Marini Bldrs., supra* at 809; *Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 201 [1996], *affd* 89 NY2d 952 [1997]).

Addressing ASAT's contention that plaintiffs' action against it is barred by the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]) due to plaintiff's status as its special employee, we are mindful that the question of whether a person is a special employee is usually one for the factfinder (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991]) unless "the undisputed facts establish that the general employer was performing no work for the special employer and did not retain control over the special employee" (*id.* at 558). Here, the evidence establishes that while Labor Ready provided plaintiff's paycheck, hard hat, work gloves and paid his workers' compensation benefits, ASAT provided the ladder and tools for plaintiff to perform his duties. Furthermore, Labor Ready had no supervisory personnel at the GE work site. Plaintiff reported daily to ASAT supervisors who assigned his duties and controlled his work schedule. Significantly, the record shows that ASAT determined whether plaintiff worked for it and exclusively "control[led] and direct[ed] the manner, details and ultimate result of [plaintiff's] work" (*id.* at 558; *see Jaynes v County of Chemung*, 271 AD2d 928, 929 [2000], *lv denied* 95 NY2d 762 [2000]). Based upon the proof, we find that the incontrovertible facts overcome the presumption of general employment and establish, as a matter of law, that Labor Ready surrendered control over plaintiff and such control was assumed by ASAT, thus making plaintiff its special employee (*see Thompson v Grumman Aerospace Corp., supra* at 557; *Szymanski v Aramark Facility Servs.*, 297 AD2d 829, 830 [2002], *lv denied* 99 NY2d 503 [2002]; *see generally Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787 [1996], *lv dismissed* 88 NY2d 874 [1996]). Accordingly, ASAT is entitled to summary judgment on its affirmative defense.

GE's remaining arguments have been considered and found to be unpersuasive.

Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Air Structures American Technologies, Inc. for summary judgment on its affirmative defense; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.