■ Douglas Pearl, Appellant, v Sam Greco Construction, Inc., et al., Respondents. (And a Third-Party Action.) [819 NYS2d 193]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered June 22, 2005 in Saratoga County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

Defendant Sam Greco Construction, Inc. (hereinafter Greco) was the general contractor for construction of a building at Hunter Mountain ski area. Plaintiff's employer, Monahan & Loughlin, Inc. (hereinafter M & L), was the subcontractor employed to, among other things, install a sheet metal roof. Safety equipment furnished for plaintiff and his coworkers included a safety line—along the peak of the roof—and tie lines and harnesses. At the end of a work day the tie lines and har-

nesses were stored in a gang box on the roof about 10 feet above the eaves. On October 9, 2001, plaintiff and a coworker were using a blow torch to melt frost and ice from the roof to access the gang box. During this process, plaintiff slid off the roof and was seriously injured. He commenced this action against Greco, defendant Hunter Mountain Base Lodge, Inc., defendant Hunter Mountain Ski Bowl, Inc. and defendant Greene County Industrial Development Agency, alleging causes of action under Labor Law §§ 200, 240 (1) and § 241 (6). Thereafter, Greco instituted a third-party action against M & L for indemnification. Defendants sought summary judgment dismissing plaintiff's complaint and plaintiff cross-moved for partial summary judgment on the Labor Law §§ 200 and 240 (1) causes of action. Supreme Court granted defendants' motion, holding that plaintiff's conduct was the sole proximate cause of his injuries. Plaintiff appeals.

To establish a viable cause of action under Labor Law § 240 (1), plaintiff must "show that the statute was violated and that the violation proximately caused his injury" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]). Upon such showing, plaintiff's comparative fault is neither a defense (*see Kouros v State of New York*, 288 AD2d 566, 567-568 [2001]) nor can it be the *sole* proximate cause for his injury because "[u]nder Labor Law § 240 (1) it is conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

The plain language of Labor Law § 240 (1) not only requires contractors and owners to furnish and erect safety devices, but requires them also to construct, place and operate them for the protection of the workers (*see Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]). Plaintiff's proof of a statutory violation included improper storage of the safety equipment on a slippery roof. Even if, in his capacity as job supervisor, plaintiff made this decision, the owners and general contractor are not relieved of liability under the statute since plaintiff's decision simply demonstrates comparative negligence on his part (*see Powers v Del Zotto & Son Bldrs.*, 266 AD2d 668, 670 [1999]). Notably, given the configuration of the tie lines, the only safe method of accessing the initial portion of the roof was to employ other fastening devices, admittedly supplied by the employer, but which were also stored in the gang box. As a consequence, plaintiff's evidence satisfactorily establishes that the safety devices provided by M & L were not properly placed to afford protection to plaintiff (*see Bland v Manocherian*, 66 NY2d 452,

460 [1985]), and that this statutory violation was a cause of plaintiff's fall and resulting injuries (*see Musselman v Gaetano Constr. Corp.*, 277 AD2d 691, 693 [2000]). Thus, no matter how carelessly—or carefully—plaintiff acted in trying to access the safety equipment, his own actions could not be the sole proximate cause of his injuries.

Nor, under these circumstances, does the recalcitrant worker doctrine have any application as the safety equipment was neither available nor visibly in place (*see Powers v Del Zotto & Son Bldrs.*, *supra* at 670) and plaintiff was injured while attempting to access the safety equipment. As plaintiff is entitled to partial summary judgment on the issue of liability under Labor Law § 240 (1)—leaving only damages as the remaining issue—we need not consider his alternate theories of liability under either Labor Law § 200 or § 241 (6).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion and as denied plaintiff's cross motion as to the Labor Law § 240 (1) cause of action; motion denied and cross motion granted to that extent and partial summary judgment awarded to plaintiff on said cause of action; and, as so modified, affirmed.