CHRISTOPHER L. BURNETT et al., Appellants, v WATERFORD CUSTOM HOMES, INC., et al., Respondents. [838 NYS2d 286]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered May 11, 2006 in a Labor Law and common-law negligence action. The order, among other things, granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the Labor Law § 240 (1) and § 241 (6) claims and the derivative cause of action against defendant Waterford Custom Homes, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Christopher L. Burnett (plaintiff) when he fell from the roof of a house on which he was installing plywood panels. Plaintiff's employer was hired by defendant Peter Fabbio, incorrectly sued as Peter Fabio, to perform framing work on the house, and Fabbio and his wife intended to reside in that house. Fabbio is also the sole shareholder and officer of defendant Waterford Custom Homes, Inc. (Waterford), which buys and develops real estate for single-family homes. Defendants moved for summary judgment dismissing the complaint against them, and plaintiffs cross-moved for partial summary judgment on liability under Labor Law § 240 (1). We note that, in their attorney's affirmation in support of the cross motion, plaintiffs withdrew their common-law negligence cause of action and Labor Law § 200 claims. We conclude that Supreme Court

properly granted that part of defendants' motion for summary judgment dismissing the complaint against Fabbio. Owners of one- and two-family dwellings who contract for but do not direct or control the work are exempt from liability under Labor Law § 240 (1) and § 241 (6) (*see Ennis v Hayes*, 152 AD2d 914, 915 [1989]). " 'Whether an owner's conduct amounts to directing or controlling depends upon the degree of supervision exercised over the method and manner in which the work is performed' " (*Gambee v Dunford*, 270 AD2d 809, 810 [2000]). Although Fabbio was not present at the home on the day of plaintiff's accident, it is undisputed that he supplied the materials for work on the home, hired the architect and subcontractors, scheduled the work, and checked in to determine progress on the construction. Nevertheless, defendants established as a matter of law that Fabbio did not exercise any supervision over the method or manner of plaintiff's work by submitting the deposition testimony of plaintiff in which plaintiff admitted that Fabbio did not instruct him in the performance of his work or provide him with equipment, and plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We conclude, however, that the court erred in granting those parts of defendants' motion for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims against Waterford, and we therefore modify the order accordingly. As plaintiffs correctly contend, there is an issue of fact whether Waterford was the general contractor, thus precluding summary judgment on those claims. A general contractor will be held liable under those statutes if it "was 'responsible for co-ordinating and supervising the entire construction project' . . . and invested with concomitant power to 'enforce safety standards and to choose responsible contractors' " (*Relyea v Bushneck*, 208 AD2d 1077, 1078 [1994]). The record establishes that Waterford built 35 homes in the subdivision in which Fabbio's home was built and was listed as the general contractor on the blueprints, various invoices, and the building permit application. In addition, the record establishes that Waterford was billed by at least 29 vendors. Although "[t]he mere status of 'general contractor' does not indicate liability" (*Krawiecki v Cerutti*, 218 AD2d 323, 326 [1996]), we conclude on the record before us that there is an issue of fact whether Waterford is liable under those statutes as the general contractor, based upon its multiple designations as general contractor along with the supervisory activities of Fabbio over Waterford as its sole shareholder and officer.

Finally, we conclude that the court properly denied that part

of plaintiffs' cross motion for partial summary judgment on liability under Labor Law § 240 (1) against Waterford inasmuch as there is an issue of fact concerning Waterford's status as general contractor. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.