In an action to recover damages for personal injuries, the defendant JNM Contracting, Inc., sued herein as JN Contracting, Inc., appeals from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated June 26, 2007, as granted the plaintiffs motion for summary judgment on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against it, and denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff-respondent.
The plaintiff was helping to install a roof when he slipped and fell, sustaining personal injuries. He commenced the instant action to recover damages pursuant to Labor Law §§ 200, 240 (1) and § 241 (6), and for common-law negligence for the injuries *590 he sustained in the accident against, among others, Seventin Construction Corp. (hereinafter Seventin), as owner and general contractor, and Seventin’s subcontractor JNM Contracting, Inc., sued herein as JN Contracting, Inc. (hereinafter JNM). The plaintiff was employed by JNM’s subcontractor Adam Sowa.
The plaintiff moved for summary judgment against Seventin and JNM of the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), and JNM cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court, inter alia, granted that branch of the plaintiffs motion which was for summary judgment on the cause of action to recover damages for violation of Labor Law § 240 (1), and denied JNM’s cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We affirm.
To hold JNM liable, as an agent of Seventin, for violations of Labor Law § 240 (1) and § 241 (6), there must be a showing that it had the authority to supervise and control the work (see Torres v LPE Land Dev. & Constr., Inc., 54 AD3d 668 [2008]; Markey v C.F.M.M. Owners Corp., 51 AD3d 734 [2008]). The determinative factor is whether the party had “the right to exercise control over the work, not whether it actually exercised that right” (Williams v Dover Home Improvement, 276 AD2d 626, 626 [2000]; see Mulcaire v Buffalo Structural Steel Constr. Corp., 45 AD3d 1426, 1428 [2007]; Pino v Irvington Union Free School Dist., 43 AD3d 1130, 1131 [2007]; Milanese v Kellerman, 41 AD3d 1058, 1061 [2007]). Where the owner or general contractor delegates the duty to conform to the principles of the Labor Law to a third party, that third party becomes the statutory agent of the owner or general contractor (see Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]).
In the instant case, the president of Seventin testified at his deposition that he relied on JNM to provide any necessary equipment and “do everything that was required to do the roof,” and thus delegated the duty to provide proper safety devices to it. JNM’s president asked the plaintiffs employer Sowa if he was familiar with Occupation and Safety Hazard Administration regulations, and acknowledged that he had the power to stop his subcontractors from working if he observed unsafe conditions. He testified that it was his “custom and practice to provide safety "for” customers of JNM, and that was his custom and practice for this job. Thus, the plaintiff established as a matter of law that JNM had the authority to supervise and control the work and was the statutory agent of the owner and general contractor Severtin.
*591 In opposition to the plaintiff’s prima facie showing, JNM failed to raise a triable issue of fact regarding its supervision and control of the work giving rise to the plaintiffs injuries, whether it violated Labor Law § 240 (1), and whether its violation was a proximate cause of the plaintiffs injuries. The plaintiffs comparative fault did not constitute a defense (see Bland v Manocherian, 66 NY2d 452, 460 [1985]; Pearl v Sam Greco Constr., Inc., 31 AD3d 996, 997 [2006]; Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 175 [2004]).
JNM’s remaining contentions are without merit. Florio, J.E, Angiolillo, McCarthy and Chambers, JJ., concur.