◼ JOHN T. NUDI, Respondent, v WILLIAM SCHMIDT et al., Appellants. [882 NYS2d 731]—

Cardona, P.J. Appeal from an order of the Supreme Court (Nolan, J.), entered August 14, 2008 in Saratoga County, which, among other things, partially granted plaintiff's cross motion for partial summary judgment.

Defendants William Schmidt and Linda Schmidt (hereinafter the Schmidts) own a cottage located on the same property as their residence in the Town of Wilton, Saratoga County. In 2004,

the cottage was occupied by the Schmidts' son, Alexander Schmidt. When the Schmidts decided to expand the cottage, their son took out personal loans totaling $40,000 to finance the addition, which he repaid in lieu of paying "rent" to his parents.

Plaintiff, an employee of the company hired to insulate the addition, was seriously injured while installing insulation in a loft above the kitchen. The accident was unwitnessed and plaintiff has no memory of it; however, it is undisputed that he was found unconscious on the kitchen floor beside a collapsed ladder. It is also clear that the loft where he was to install the insulation was approximately eight feet above ground level and not equipped with a railing or any other safety devices.

Plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241 against William Schmidt. Plaintiff later amended the complaint to add defendants Linda Schmidt and William Schmidt General Contractor, Inc. (hereinafter WSGC), a contracting business owned by William Schmidt, which plaintiff alleges acted as the general contractor for the expansion project. Following joinder of issue, the Schmidts asserted a cross claim against WSGC for indemnification and/or contribution. The Schmidts then moved for summary judgment dismissing the amended complaint. WSGC cross-moved for summary judgment dismissing the amended complaint and the cross claim, and plaintiff cross-moved for, among other things, partial summary judgment on liability under his Labor Law § 240 claim against all defendants. Supreme Court denied the Schmidts' motion, denied WSGC's cross motion, and granted plaintiff's cross motion to the extent that it sought summary judgment on his Labor Law § 240 claim against the Schmidts. Defendants appeal.

The Schmidts contend that plaintiff's Labor Law §§ 240 and 241 claims should be dismissed because, as owners of the cottage where plaintiff was injured, they qualify for the homeowner exemption from liability (*see* Labor Law § 240 [1]; § 241 [6]). We are not persuaded. The homeowner exemption will not apply to an owner who uses a house only for commercial purposes (*see Lombardi v Stout*, 80 NY2d 290, 296-297 [1992]; *Van Amerogen v Donnini*, 78 NY2d 880, 882-883 [1991]), including as a rental property (*see Van Amerogen v Donnini*, 78 NY2d at 883; *Sweeney v Sanvidge*, 271 AD2d 733, 734 [2000], *lv dismissed* 95 NY2d 931 [2000]). In this matter, the sworn statements of both William Schmidt and Alexander Schmidt establish that the cottage, which had previously been used as a rental property, was being rented by Alexander Schmidt at the time of plaintiff's accident. Specifically, William Schmidt stated in an affidavit that his son,

"as part of his rent," repaid the personal loan used to finance the renovation project, while Alexander Schmidt testified at his deposition that he "rent[ed]" the house from his father and that his parents considered his repayment of the loan to be his "rent." Although the Schmidts now dispute this characterization and argue that by allowing their son to live there, they were extending their own dwelling to include the cottage, they have not put forth sufficient evidence to contradict these sworn statements. Nor have they demonstrated that they were undertaking the expansion in connection with their own personal use of the cottage in the future (*cf. Khela v Neiger*, 85 NY2d 333, 338 [1995]; *Sheehan v Gong*, 2 AD3d 166, 169 [2003]), or that they had plans to use it for any purpose other than as a rental property after the addition was completed (*see Bartoo v Buell*, 87 NY2d 362, 368 [1996]; *Van Amerogen v Donnini*, 78 NY2d at 883; *Allen v Fiori*, 277 AD2d 674, 674 [2000]). On this record, and given that the burden of establishing entitlement to the exemption lies with the Schmidts (*see Lombardi v Stout*, 80 NY2d at 297), we agree with Supreme Court that the exemption does not apply herein.

Having found that the Schmidts are not exempt from the requirements of Labor Law § 240 (1), Supreme Court properly granted plaintiff summary judgment on liability as to them. Section 240 (1) imposes strict liability on owners and their agents whose failure to provide workers with appropriate safety equipment proximately causes an elevation-related injury (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Pearl v Sam Greco Constr., Inc.*, 31 AD3d 996, 998 [2006], *lv denied* 11 NY3d 710 [2008]). Here, plaintiff's accident was unwitnessed and he does not remember the event. However, under the circumstances herein, the precise manner in which this accident occurred need not be established for liability to be found (*see Saldana v Saratoga Realty Assoc. Ltd. Partnership*, 235 AD2d 744, 744 [1997]). Significantly, the parties do not dispute that plaintiff's injuries—which include closed head trauma, as well as multiple fractures of his face, spine, ribs, clavicle and scapula—resulted from a fall from either the ladder or the loft. Nor do they dispute that the ladder was unsecured and that no safety devices were provided to prevent a worker from falling out of the loft. Taken together, these uncontroverted facts support the inference that plaintiff's injuries were a consequence of the failure to provide adequate safety devices (*see id.*), thus shifting the burden to the Schmidts to demonstrate a question of fact on that issue (*see Williams v General Elec. Co.*, 8 AD3d 866, 867 [2004]; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]). In that regard, the Schmidts offer only speculation

that plaintiff's own actions may have caused his fall. Speculation is insufficient to defeat summary judgment (*see Williams v General Elec. Co.*, 8 AD3d at 868; *Saldana v Saratoga Realty Assoc. Ltd. Partnership*, 235 AD2d at 745). Accordingly, Supreme Court properly granted plaintiff summary judgment on liability under Labor Law § 240. Furthermore, in light of that ruling, the court properly denied the Schmidts' motion seeking dismissal of plaintiff's Labor Law § 200 claim as academic (*see Pearl v Sam Greco Constr., Inc.*, 31 AD3d at 998; *Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 201 [1996], *affd* 89 NY2d 952 [1997]).

Finally, WSGC argues that it was not acting as a general contractor on the expansion project and, thus, the complaint and the cross claim should be dismissed against it. We do not agree. Although WSGC correctly points out both that the building permit application filed with the Town of Wilton named William Schmidt as the applicant and that the building permit was issued in his name, we note that the certificate of proof of liability and workers' compensation insurance relied upon in connection therewith indicates that coverage was issued to WSGC. Furthermore, checks used to pay certain expenses relating to the construction were drawn on WSGC's bank account. Viewed in the light most favorable to plaintiff, these documents raise a question of fact as to WSGC's role in the project (*see Burnett v Waterford Custom Homes, Inc.*, 41 AD3d 1216, 1217 [2007]; *Relyea v Bushneck*, 208 AD2d 1077, 1078-1079 [1994]).

The parties' remaining contentions have been examined and found to be unpersuasive.

Peters, Lahtinen, Kane and Garry, JJ., concur. Ordered that the order is affirmed, with costs.