■ HEITOR PORTES, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. (And Another Related Claim.) [976 NYS2d 232]—

Lahtinen, J.P. Appeal from an order of the Court of Claims (McCarthy, J.), entered December 4, 2012, which, among other things, denied claimant's motion for partial summary judgment.

Claimant was working on a painting project on one of defendant's bridges when a suspension cable upon which he was walking broke, causing him to fall and sustain injuries. He commenced this claim asserting negligence, as well as violations of Labor Law §§ 200, 240 (1) and 241 (6). Following discovery,

claimant moved for partial summary judgment with respect to Labor Law § 240 (1) liability. Defendant opposed the motion and cross-moved for summary judgment dismissing the negligence and Labor Law §§ 200 and 241 (6) causes of action. Finding factual issues, the Court of Claims denied both parties' motions. Claimant appeals contending that his motion for partial summary judgment should have been granted.

A prima facie case for summary judgment of Labor Law § 240 (1) liability is established when a claimant produces evidence that "the statute was violated and that the violation proximately caused his [or her] injury" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *see Pearl v Sam Greco Constr., Inc.*, 31 AD3d 996, 997 [2006], *lv denied* 11 NY3d 710 [2008]). Showing potential comparative negligence by the injured worker does not avoid summary judgment (*see Williams v Town of Pittstown*, 100 AD3d 1250, 1251-1252 [2012]; *McGill v Qudsi*, 91 AD3d 1241, 1243-1244 [2012], *appeal dismissed* 19 NY3d 1013 [2012]). A defendant can, however, raise a factual issue by presenting "evidence that the device furnished was adequate and properly placed and that the conduct of the [claimant] may be the sole proximate cause of his or her injuries" (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

The suspension cable that broke was one of approximately 28 such cables that had been positioned under the bridge and provided support for scaffolds attached to the cables. According to claimant, workers routinely accessed the scaffold by walking on a suspension cable while holding a bridge beam above them. He further stated that he had attached his lanyard to the cable upon which he was walking because it was the only available cable in that there were no safety cables close enough to use. Defendant countered with proof that workers were instructed not to use the suspension cables to get to or from the scaffold, ladders were available to access the scaffold and adequate safety cables were available for claimant's lanyard.

The purpose of the suspension cables at the work site was to support workers and materials at the elevated height where the work necessarily occurred. The cable that broke failed to fulfill this fundamental function, and that failure resulted in claimant's fall. Claimant established a prima facie case for liability under Labor Law § 240 (1). Defendant produced proof that, contrary to claimant's assertion, a separate safety cable was available that he should have used instead of attaching his lanyard to the cable upon which he was walking. By attaching

his lanyard to the suspension cable, claimant protected against the risk of falling but not the possibility of the cable breaking. While this action by claimant could go to comparative negligence (which is not available in a Labor Law § 240 [1] action), it was not the sole proximate cause of the accident and does not establish the recalcitrant worker defense (*see Kouros v State of New York*, 288 AD2d 566, 567 [2001]).

Similarly, the assertion that ladders were available and workers had been instructed to use them instead of walking across the suspension cables does not raise a triable issue under the circumstances of this claim. This is not a case where claimant lost his balance and fell off the cable while using it instead of the safer way to access the scaffold via a ladder. Here, the cable broke. Hence, a device intended to support a worker at an elevated height failed, and that failure was a proximate cause of claimant's injury. "Under Labor Law § 240 (1) it is conceptually impossible for a statutory violation (which serves as a proximate cause for a [claimant's] injury) to occupy the same ground as a [claimant's] sole proximate cause for the injury" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290). Accordingly, claimant was entitled to partial summary judgment on his Labor Law § 240 (1) claim.

McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied claimant's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim; motion granted; and, as so modified, affirmed.