■ JAMES CLARK et al., Appellants, v FOX MEADOW BUILDERS, INC., Respondent. (And a Third-Party Action.) [624 NYS2d 685] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Fredman, J.), entered May 24,

1993 in Westchester County, which denied plaintiffs' motion for summary judgment.

While employed by a roofing contractor, plaintiff James Clark (hereinafter plaintiff) was injured when he fell through an opening in the roof on which he was working. Plaintiff and his wife commenced this action for damages against defendant, the general contractor, alleging, *inter alia,* a violation of Labor Law § 240 (1). Supreme Court denied plaintiffs' motion for summary judgment on the issue of liability raised by the Labor Law claim, resulting in this appeal. We agree with plaintiffs that Supreme Court erred in denying the motion.

Plaintiff's injury occurred while he and two co-workers were installing insulation board and rubber roofing on the roof deck. The opening through which plaintiff fell was one of six openings made in the roof deck by the general contractor to accommodate skylights. It is undisputed that before beginning to work on the roof on the day of plaintiff's accident, the roofers covered each of the openings with a piece of plywood. It is also undisputed that during the course of their installation of the insulation board, the roofers removed the plywood piece as they worked around each opening and then replaced the plywood when they were done. They were following the same procedure as they installed the rubber roofing on top of the insulation board. According to plaintiff's brother, who was one of the roofers, plaintiff removed the piece of plywood from one of the openings in preparation of installation of the rubber roofing. Plaintiff put the plywood down and then inadvertently stepped into the opening.

Supreme Court concluded that whether the plywood covers provided the proper protection required by Labor Law § 240 (1) was a question of fact, as was the question of whether the statutory violation, if one occurred, was a proximate cause of plaintiff's injuries. We disagree.

Plaintiff's injuries were clearly the result of the type of elevation-related risk that Labor Law § 240 (1) was intended to guard against *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509). It is equally clear that when plaintiff fell through the opening, there was no cover over the opening and no safety device was in place to protect plaintiff from the uncovered opening. These circumstances establish, as a matter of law, that Labor Law § 240 (1) was violated *(see, Flansburg v Merritt Meridian Constr. Corp.,* 191 AD2d 756; *Linney v Consistory of Bellvue Refm. Church,* 115 AD2d 209; *compare, Petterson v Museum Tower Corp.,* 151 AD2d 403 [evidence that

a barricade or railing around a roof opening was in place when the injured worker fell created a question of fact on the proper protection issue]). Assuming that the plywood cover constituted a safety device, "the availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures" *(Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 958-959; *accord, Rose v Mount Ebo Assocs.,* 170 AD2d 766, 768). The plywood cover may have provided proper protection while it was in place over the opening, but once it was removed plaintiff was exposed to an elevation-related risk which required additional precautionary measures or devices *(see, Flansburg v Merritt Meridian Constr. Corp., supra)*.

That plaintiff might have been the one who removed the plywood cover does not create a question of fact on the proximate cause issue. There can be little doubt that the statutory violation based upon the failure to provide plaintiff with any protection from the elevation-related risk created by the uncovered opening was a proximate cause of plaintiff's injuries *(see, supra; Gandley v Prestige Roofing & Siding Co.,* 148 AD2d 666, 668, *appeal dismissed* 74 NY2d 792). That plaintiff's carelessness may have contributed to his fall is irrelevant *(see, e.g., Bland v Manocherian,* 66 NY2d 452, 460). There is no evidence in this case that plaintiff's injuries were caused exclusively by his own willful or intentional acts *(cf., Tate v Clancy-Cullen Stor. Co.,* 171 AD2d 292, 296-297). To the contrary, the removal of the plywood cover was done during the course of the roofing work, to enable the roofers to install the insulation board and rubber roofing around the opening. Whether the cover was removed by plaintiff or one of his co-workers is, therefore, irrelevant. For the same reason, it cannot be said that removal of the plywood cover was an unforeseeable, intervening act *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562; *cf., Styer v Vita Constr.,* 174 AD2d 662). Plaintiffs are entitled to partial summary judgment on the issue of liability and, therefore, Supreme Court's order should be reversed.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiffs' motion granted and plaintiffs are awarded partial summary judgment on the issue of liability under Labor Law § 240 (1).