■ DAVID SEGUIN, Respondent, v MASSENA ALUMINUM RECOVERY COMPANY, INC., Also Known as MARCO, Defendant and Third-Party Plaintiff-Appellant. DAVE's CONSTRUCTION, Third-Party Defendant-Respondent. [645 NYS2d 630] —Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 15, 1995 in St. Lawrence County, which, *inter alia*, granted plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff, owner and sole proprietor of Dave's Construction (hereinafter Dave's), third-party defendant herein, entered into an agreement with defendant to perform certain roof repair work at defendant's masonry and steel building (hereinafter the building) in the Village of Massena, St. Lawrence County. Although Dave's originally submitted a proposal to perform the work in July 1991, due to insufficient funds the agreement to perform the repairs was not entered into by the parties until April 1992.

After agreement on the price and an open-ended start date, plaintiff and Bruce La Due, an employee of Dave's, visited the building on the evening of April 13, 1992 to determine the size and amount of materials they would need in order to perform the necessary repairs. Plaintiff positioned an extension ladder he brought with him to lean upon the edge of the roof and, after ascending the rungs, climbed onto the roof. Shortly thereafter, plaintiff fell through the decaying roof and dropped over 30 feet to the concrete floor below, suffering extensive injuries.

Plaintiff commenced the instant action against defendant alleging, *inter alia*, violations of Labor Law §§ 200, 240 and 241 (6). Thereafter, defendant commenced a third-party action against Dave's. After joinder of issue and the assertion of various affirmative defenses, plaintiff moved for, *inter alia*, summary judgment on the issue of liability and, further, sought dismissal of the third-party complaint. Supreme Court found a violation of Labor Law § 240 (1) and dismissed the third-party action against Dave's. Defendant now appeals.

It is well settled that "in order to invoke the protections afforded by * * * Labor Law [§ 240 (1)] and to come within the special class for whose benefit liability is imposed * * * a 'plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent' " (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577 [citations omit-

ted], quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971). Construing this provision, as we must, as liberally as possible to effectuate its legislative purpose to provide for the health and safety of employees (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513), we conclude that protection here is warranted since notwithstanding defendant's contentions, plaintiff was a person "employed" within the meaning of the Labor Law at the time of this accident.

According to the deposition testimony of James Peterson, defendant's vice-president, plaintiff was contacted in April 1992 and told that defendant wanted him to go ahead with the roofing job. After some negotiation, Peterson testified that they came to a clear and definite agreement about the price for the repairs and plaintiff was told to start work when possible. Although the parties dispute whether specific authorization was given to plaintiff to go to the building and make the materials assessment on the day of the accident, there is no dispute that plaintiff had already been hired to perform the job and was thus performing required work in connection therewith. On these facts, we find it clear that plaintiff was an "employee" within the meaning of the Labor Law at the time of the accident and entitled to its protection (*cf., Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108; *Lamberson v Chen*, 141 AD2d 422; *Chabot v Baer*, 82 AD2d 928, 929, *affd* 55 NY2d 844; *see also, Paigo v DiBella*, 192 AD2d 829).

Further undisputed is plaintiff's status as an independent contractor. Since the duty under Labor Law § 240 (1) is nondelegable, defendant, as the owner of the building, must be held liable for any violation thereof (*see, Rocovich v Consolidated Edison Co., supra*, at 513). Upon this basis, Supreme Court properly dismissed the third-party action against Dave's.

Finally, we note that since a fall from a roof clearly constitutes the kind of elevation-related risk which Labor Law § 240 (1) was intended to cover (*see, Grant v Gutchess Timberlands*, 214 AD2d 909, 910; *Clark v Fox Meadow Bldrs.*, 214 AD2d 882, 883; *Desrosiers v Barry, Bette & Led Duke*, 189 AD2d 947, 947-948), we find no merit to the contention that Labor Law § 240 (1) "is not implicated because [ ] plaintiff[ ] [was] injured as the result of the collapse of a permanent, rather than a temporary structure" (*Richardson v Matarese*, 206 AD2d 353, 353-354). Similarly unavailing is defendant's contention that an issue of fact is created by the presence of the ladder brought to the work site. Since this device could not have decreased the elevation-related risk that plaintiff encountered when he stepped out onto the decaying roof (*see generally, Hall v Cor-*

*nell Univ.*, 205 AD2d 872), we must conclude that in the absence of any safety devices present thereat, Supreme Court properly found defendant to have breached the nondelegable duty imposed upon it by Labor Law § 240 (1), and that such breach was the proximate cause of plaintiff's injuries.

Upon such finding of absolute liability, we find no basis to warrant a review of plaintiff's remaining causes of action.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.