■ HERBERT KARNES et al., Respondents, v SARATOGA PINE RIDGE, INC., Appellant. [661 NYS2d 84] —Yesawich Jr., J. Appeal

from an order of the Supreme Court (Lynch, J.), entered February 13, 1996 in Schenectady County, which, *inter alia*, granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

In 1989, plaintiff Herbert Karnes (hereinafter plaintiff) fell from an elevated balcony while working as a painter at a construction project owned by defendant in the City of Saratoga Springs, Saratoga County. Seeking to recover for injuries allegedly occasioned by the fall, plaintiff and his wife, derivatively, commenced this action charging defendant with violating Labor Law §§ 200, 240 (1) and § 241 (6), and subsequently successfully moved for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Defendant appeals.

We affirm. Defendant's primary contention is that because plaintiff was working as a self-employed independent contractor, he was not under the supervision and control of defendant and therefore bears sole responsibility for providing himself with a safe workplace. This argument is meritless. A violation of Labor Law § 240 (1) "will cast an owner in liability even though it exercised no control over, or supervision of, an independent contractor who performed the job" (*Houde v Barton*, 202 AD2d 890, 893, *lv dismissed* 84 NY2d 977; *see, Haimes v New York Tel. Co.*, 46 NY2d 132, 136-137). As this duty is nondelegable (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500), the parties' agreement that plaintiff would furnish his own equipment and assume responsibility for completing the job safely does not absolve defendant of liability.

Moreover, although there are instances when an owner or general contractor may recover, in turn, from the injured party's employer or another culpable party, under theories of contribution or indemnification, the mere fact that such recovery may not be had here (*see, Seguin v Massena Aluminum Recovery Co.*, 229 AD2d 839, 840) does not constitute a basis for denying plaintiff the protection afforded by the statute (*see, id.*).

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.