■ REGINALD D. NEPHEW, Respondent, v LAWRENCE C. BARCOMB et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. BARCOMB's FURNITURE CENTER, INC., Third-Party Defendant-Appellant. [688 NYS2d 751] —Graffeo, J. Appeal from an order of the Supreme Court (Dawson, J.), entered May 22, 1998 in Clinton County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against defendants Lawrence C. Barcomb and Norma M. Barcomb.

Plaintiff commenced this action to recover for injuries sustained after he fell from the roof of a store operated by third-party defendant, Barcomb's Furniture Center, Inc. (hereinafter BFCI), located in the Town of Chateaugay, Franklin County. Plaintiff was employed by BFCI as a general laborer and was in the process of removing snow and ice from the roof of the furniture store when the accident occurred. At the time of the accident, defendants Lawrence C. Barcomb and Norma M. Barcomb (hereinafter collectively referred to as defendants) were the title owners of the property but the building was in the process of being sold to defendants Ronald Barcomb and Donald Barcomb (hereinafter collectively referred to as the Barcombs) pursuant to a land sale contract. The Barcombs were the business owners of BFCI.

A 12 to 15-inch snowfall in February 1994 produced substantial snow accumulations on the store's roof and BFCI allegedly directed plaintiff to clear snow and ice from the roof due to leakages in the building. Plaintiff and another individual obtained a 24-foot aluminum ladder from the store's warehouse and placed it against the south side of the roof of the building, with the top of the ladder extended three to four feet above the edge of the roof which was approximately 10 to 12 feet high. After ascending the ladder with shovels, ice picks and ice scrapers, plaintiff·stepped off the ladder and began walking on a portion of the building's roof which had a slight pitch. At a lo-

cation several feet from the ladder, he slipped on an ice patch and, as he began to fall, he grabbed the ladder in an unsuccessful attempt to arrest his fall. Plaintiff, along with the ladder, slid off the roof and fell to the ground below.

Plaintiff commenced this action to recover damages for personal injuries sustained as a result of the fall, claiming violations of Labor Law §§ 200, 240 (1) and § 241. Defendants thereafter commenced a third-party action against BFCI seeking indemnification and/or contribution. Plaintiff moved for partial summary judgment with respect to liability based on the Labor Law § 240 (1) cause of action, and the Barcombs, defendants and BFCI cross-moved for summary judgment. Supreme Court granted plaintiff's partial summary judgment motion on the issue of liability against defendants. Defendants' cross motion for summary judgment was denied in all respects except to the extent that Supreme Court dismissed plaintiff's Labor Law § 200 claim. Supreme Court granted the Barcombs' cross motion to the extent that it dismissed the complaint against them and BFCI's cross motion was denied in its entirety. Defendants and BFCI now appeal.

Initially, defendants contend that they were not owners of the premises and therefore cannot be held liable pursuant to Labor Law § 240 (1). We disagree. It is uncontradicted that defendants were the record owners of the property and Labor Law § 240 (1) makes no distinction between in-possession and out-of-possession owners. Moreover, the land sale agreement provided, *inter alia*, that any structural changes would be subject to defendants' approval and that they had the right to declare the contract void and retake possession of the property under certain circumstances. The fact that defendants had relinquished possession of the property in favor of BFCI did not extinguish their status as fee owners of the property (*cf.*, *Collins v County of Monroe Indus. Dev. Agency*, 167 AD2d 914, 915, *lv dismissed* 77 NY2d 874). Additionally, defendants' duty to insure the safety of workers on their property cannot be escaped by delegation, notwithstanding the fact that defendants did not control or contract for the work performed by plaintiff (*see*, *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559-560; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513; *Marks v Morehouse*, 222 AD2d 785, 786). We therefore conclude that defendants were "owners" within the meaning of Labor Law § 240 (1).

BFCI's appeal is based on the assertion that plaintiff was not entitled to summary judgment because he was not engaged in an activity protected under Labor Law § 240 (1) at the time

he was injured. It is axiomatic that in order to claim protection under Labor Law § 240 (1), a worker must demonstrate that he was performing work necessary and incidental to the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see, Perchinsky v State of New York*, 232 AD2d 34, 38, *lv dismissed, lv denied* 91 NY2d 830). Although routine maintenance in a non-construction, nonrenovation context is generally not the type of activity protected under this provision (*see, Joblon v Solow*, 91 NY2d 457, 465; *Cox v International Paper Co.*, 234 AD2d 757, 759; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592, 593), we have specifically held that the removal of snow and ice from a roof under circumstances similar to the instant case constitutes a "form of 'cleaning' ", thereby bringing it within the ambit of Labor Law § 240 (1) (*Vernum v Zilka*, 241 AD2d 885; *see, Douglas v Rental Props.*, 248 AD2d 863, 863-864). Accordingly, we find that plaintiff's purpose for being on the roof constituted the cleaning of a building within the context of Labor Law § 240 (1) and, therefore, Supreme Court properly denied BFCI's cross motion.

Next, with regard to whether plaintiff was provided a safety device, the record reveals no question of fact which would preclude summary judgment in plaintiff's favor. It is well settled that in cases where a worker is provided with an elevation-related safety device, the question of whether the device provided proper protection pursuant to Labor Law § 240 (1) is ordinarily a question of fact, except where the device collapses, slips or otherwise fails to perform its function of supporting the worker (*see, Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 869; *Quinlan v Eastern Refractories Co.*, 217 AD2d 819, 819-820; *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854). Here, no safety device was provided to protect plaintiff from a fall from a pitched roof covered with snow and ice and, therefore, plaintiff was entitled to partial summary judgment (*see, Thompson v Next Generation Corp.*, 240 AD2d 653; *Grant v Gutchess Timberlands*, 214 AD2d 909). Although plaintiff attempted to grab the ladder to prevent his fall, the ladder cannot be deemed a safety device because it was not in place to prevent plaintiff's fall after he stepped off the ladder and walked on the roof in order to perform his job. We have considered the remaining contentions of the parties and have found them lacking in merit.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.