■ Kevin C. Johnson et al., Respondents, v Packaging Corporation of America et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. A Plus Environmental Services, Inc., et al., Third-Party Defendants-Appellants-Respondents. [710 NYS2d 699] —Carpinello, J. Appeal from an order of the Supreme Court (Best, J.), entered June 9, 1999 in Montgomery County, which, *inter alia*, granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

On October 11, 1995 plaintiff Kevin C. Johnson (hereinafter plaintiff) was working as a laborer for third-party defendants A Plus Environmental Services, Inc., and A Plus Specialties, Inc. (hereinafter collectively referred to as A Plus) when, in the course of tearing up asbestos-containing built-up roofing material on a building owned by defendant Packaging Corporation of America (hereinafter PCA), he fell 9½ feet and fractured several vertebrae in his back. A Plus had been hired as an asbestos removal subcontractor on the roofing job by defendant Monahan-Loughlin, Inc. (hereinafter Monahan), the general contractor. At the time of his fall, plaintiff was working in the vicinity of a metal tripod at the edge of the roof, which served as a connecting point for wires delivering 2,300 volts of electricity to the building, when he heard an "umming" noise, lost all feeling in his body and was thrown from the roof. He speculates that the shovel he was using may have come into contact with the tripod or an exposed electrical wire which, in turn, catapulted him off the roof. No safety devices of any kind were provided to plaintiff that day.

Plaintiff, and his wife derivatively, thereafter commenced

this action against PCA and Monahan alleging violations of Labor Law § 240 (1); § 241 (6); § 200 and common-law negligence. These parties, in turn, asserted cross claims for indemnification against each other and commenced a third-party action against A Plus seeking indemnification. At issue on appeal is an order of Supreme Court granting plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action and denying various cross motions for summary judgment and/or indemnification by the remaining parties.

None of the arguments advanced by the respective appealing parties warrants reversal. We address first the contention that Supreme Court erred in granting plaintiffs partial summary judgment on the Labor Law § 240 (1) claim. A Plus and PCA argue that, because plaintiff has asserted conflicting versions of how his accident occurred, summary judgment on this claim is precluded. Monahan claims that plaintiff's work did not involve a height differential and therefore "[t]he situation was not one calling for a safety device under the Labor Law," an argument patently without merit.

Labor Law § 240 (1) is, of course, limited to injuries occasioned by elevation-related hazards (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Here, it is undisputed that plaintiff was not provided with a safety net or safety harness to protect him from a fall from the roof and that plaintiff was in fact injured after such a fall. Contrary to Monahan's strained efforts to argue otherwise, plaintiff was exposed to a 9¹/₂-foot height differential—representing the distance from the roof on which he was working to the lower roof of an adjoining building upon which he fell. A 9¹/₂-foot fall off a roof is precisely the type of elevation-related risk for which Labor Law § 240 (1) was intended to provide protection (*see, e.g., Seguin v Massena Aluminum Recovery Co.*, 229 AD2d 839, 840; *Desrosiers v Barry, Bette & Led Duke*, 189 AD2d 947, 947-948).

While there is an indication in the record that plaintiff may have told a treating psychologist that he fell off the roof after slipping on its wet surface (as opposed to being thrown off it after coming into contact with an electrical force), this alleged inconsistency does not warrant denial of summary judgment in plaintiffs' favor. Since plaintiff indeed fell from an elevation (*cf., McCole v City of New York*, 221 AD2d 605; *Tuohey v Gainsborough Studios*, 183 AD2d 636)—whether as the result of an electrical shock or slipping on a wet work surface—during the course of repair work on a roof for which he was provided absolutely no safety devices whatsoever, Labor Law § 240 (1)

clearly applies (*see, e.g., Izrailev v Ficarra Furniture*, 70 NY2d 813; *Nephew v Barcomb*, 260 AD2d 821; *Grant v Gutchess Timberlands*, 214 AD2d 909; *cf., Zevallos v Treeco Plainview Ltd. Partnership*, 267 AD2d 305), and Supreme Court properly granted plaintiffs summary judgment on this claim.

In their third and fourth causes of action, plaintiffs assert Labor Law § 200 and common-law negligence causes of action against PCA and Monahan. Monahan claims that it is entitled to summary judgment on these claims because there is no evidence that it controlled or supervised plaintiff's work. To be sure, liability under Labor Law § 200 and common-law negligence depends upon the parties' authority to supervise or control the work being performed or their actual or constructive notice of an unsafe condition that allegedly caused the accident (*see, Custer v Cortland Hous. Auth.*, 266 AD2d 619, 620, *lv denied* 94 NY2d 761). Although no liability will attach under these causes of action where an alleged dangerous condition arises from *the method or manner of work* and there is no showing of supervisory control over same by the party charged (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877), here the dangerous condition alleged to have caused plaintiff's fall was the presence of live electrical wires on the *work site itself* (*see, Dorr v General Elec. Co.*, 235 AD2d 883, 885).

Relatedly, Monahan claims that it is entitled to common-law indemnification from A Plus. PCA also claims that it is entitled to common-law indemnification from Monahan and A Plus because it is only vicariously liable for any injury to plaintiff. Entitlement to common-law indemnification is only appropriate, however, where a defendant's role in causing a worker's injury is "strictly passive" such that liability is purely vicarious (*Grant v Gutchess Timberlands, supra*, at 911).

Upon our review of the record, we are satisfied that sufficient factual questions exist on each of these issues, particularly whether PCA and Monahan had actual or constructive notice of a dangerous condition at the work site, i.e., exposed electrical wires, yet took no steps to ensure a safe work environment. The record contains evidence that, prior to plaintiff's accident, representatives of Monahan and PCA had explicit discussions with each other and/or A Plus about the existence of the exposed wires on the roof and the need to provide insulating blankets to protect the workers. Notwithstanding, it is undisputed that the wires were neither insulated nor the power turned off during the job. Under these circumstances, sufficient factual issues exist to warrant denial of summary judgment and indemnification.

The parties' remaining contentions have been reviewed and rejected.

Cardona, P. J., Peters and Spain, JJ., concur; Mercure, J., not taking part. Ordered that the order is affirmed, without costs.