■ Gerald Arey et al., Respondents, v M. Dunn, Inc., et al., Appellants. (And a Third-Party Action.) [816 NYS2d 197]—

Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered August 19, 2005 in Saratoga County, which, inter alia, granted plaintiffs' motion for partial summary judgment.

Defendant M. Dunn, Inc. owned Ashland Estates, a residential subdivision in the Town of Clifton Park, Saratoga County. Dunn contracted with defendant Homeland Development Corporation, also doing business as defendant Peter Belmonte Builders, Inc. (hereinafter Belmonte), to construct homes in Ashland Estates. Belmonte subcontracted with On the Level Construction (hereinafter OTL), a carpentry company owned solely by plaintiff Gerald Arey (hereinafter plaintiff) to, among other things, install roofs on designated homes therein. Plaintiff was injured when he fell from one of those roofs. As a result of the injuries sustained, plaintiff, along with his wife, derivatively, commenced this action against Dunn, Homeland and Belmonte alleging, among other things, a violation of Labor Law § 240 (1). On this basis, plaintiffs moved for partial summary judgment, prompting defendants' cross motion for the same relief. Supreme Court granted plaintiffs' motion and this appeal ensued.

Defendants contend that because OTL had four workers, plaintiff was an employer and thus "not entitled to the protections afforded by the Labor Law." We disagree. Labor Law § 240 (1) provides, in pertinent part, that contractors and owners are required to furnish safety devices of the kind enumerated therein "which shall be so constructed, placed and operated as to give proper protection to a person so employed." Here, each defendant, either as an owner or contractor,[1] admitted that it failed to supply plaintiff with any of the enumerated safety devices. Plaintiffs' expert confirmed that plaintiff's injuries could have been prevented if he had been provided with fall protection equipment such as safety harnesses, lanyards, safety belts, tie lines, ropes, safety nets or catch platforms, and that defendants' failure to do so was the proximate cause of plaintiff's injuries. With plaintiffs having established that this statutory violation was the proximate cause of plaintiff's injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d

---

1. "A party will be deemed a 'contractor' under [Labor Law § ] 240 (1) if 'it had the right to exercise control over the work, [regardless of] whether it actually exercised that right' " (Futo v Brescia Bldg. Co., 302 AD2d 813, 814 [2003], quoting Williams v Dover Home Improvement, 276 AD2d 626, 626 [2000]).

280, 289 [2003]; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]), it was defendants' burden to raise a triable issue of fact to defeat this claim. Defendants' contention that plaintiff could be found solely to blame for the accident since he personally owned a safety harness which he did not bring to the work site is rejected; a claim of contributory negligence will not suffice (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 287, 290).

Moreover, "[t]o establish the recalcitrant worker defense, the owner/contractor must demonstrate that a worker deliberately refused to employ safety devices available, visible and in place at the worksite" (*Kouros v State of New York*, 288 AD2d 566, 567 [2001]; *see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-563 [1993]; *Morin v Machnick Bldrs., supra* at 671). With no indication that any of the fall protection safety devices contemplated by Labor Law § 240 (1) were provided or made available to plaintiff at the work site—a determination premised upon, among other things, a refusal to consider "cleats" or "chicken boards" as one of those devices[2] (*see Clark v Fox Meadow Bldrs.*, 214 AD2d 882, 884 [1995])—Supreme Court properly rejected that defense.

Inasmuch as "[a] violation of Labor Law § 240 (1) 'will cast an owner in liability even though it exercised no control over, or supervision of, [a subcontractor] who performed the job' " (*Karnes v Saratoga Pine Ridge*, 241 AD2d 810, 811 [1997], quoting *Houde v Barton*, 202 AD2d 890, 893 [1994], *lv dismissed* 84 NY2d 977 [1994]), and it being established that an owner or contractor has a nondelegable duty to provide a safe workplace (*see Karnes v Saratoga Pine Ridge, supra* at 811), Supreme Court appropriately granted plaintiffs' motion for partial summary judgment.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. Defendants urge this Court to find that the presence of cleats nailed to the sheeting at the bottom of the roof was an appropriate safety device. According to plaintiff, these cleats, or what he terms "chicken board," are designed solely to keep "hand tools from dropping off the roof if [a worker] dropped them."