■ KEVIN DALABA, Respondent, v CITY OF SCHENECTADY, Defendant, and EDISON REALTY LAND DEVELOPERS, LLC, Appellant. [876 NYS2d 744]—

Lahtinen, J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 13, 2008 in Schenectady County, which granted plaintiff's motion for partial summary judgment.

Plaintiff, an ironworker, sustained multiple injuries on October 13, 2006 when he fell about 30 feet through an opening in a roof to the ground while installing roof insulation and sheet metal on a new building that was under construction. After issue was joined, plaintiff moved for partial summary judgment against the building owner, defendant Edison Realty Land Developers, LLC, on its liability under Labor Law § 240 (1).

Supreme Court granted the motion from the bench, without written decision, and Edison now appeals from the order entered upon that decision. We affirm.

Plaintiff's fall through an opening in the roof while engaged in the construction of a new building is precisely the type of elevation-related risk for which Labor Law § 240 (1) was designed to provide protection (*see Arey v M. Dunn, Inc.*, 29 AD3d 1137, 1138 [2006]; *Johnson v Packaging Corp. of Am.*, 274 AD2d 627, 628 [2000]; *Nephew v Barcomb*, 260 AD2d 821, 822-823 [1999]; *Clark v Fox Meadow Bldrs.*, 214 AD2d 882, 883 [1995]; *see also Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). With regard to the adequacy of the safety devices, it is true that "where a worker is provided with an elevation-related safety device, the question of whether the device provided proper protection pursuant to Labor Law § 240 (1) is ordinarily a question of fact, except where the device collapses, slips or otherwise fails to perform its function of supporting the worker" (*Nephew v Barcomb*, 260 AD2d at 823; *see Weinberg v Alpine Improvements, LLC*, 48 AD3d 915, 917 [2008]; *see e.g. De Turck v Cornell Univ.*, 305 AD2d 970, 971 [2003]; *Musselman v Gaetano Constr. Corp.*, 277 AD2d 691, 692-693 [2000]). Here, no question of fact was raised by Edison to defeat plaintiff's motion for partial summary judgment, given the undisputed evidence that no safety devices of the type enumerated in Labor Law § 240 (1) were provided to plaintiff. While wire guardrails had reportedly been placed along the sides and lower edge of the roof, Edison conceded that the leading edge of the roof, where plaintiff fell, remained unprotected. As such, plaintiff made the requisite showing, which went uncontroverted, that Edison violated the statute and that its violation was a proximate cause of his fall and injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Arey v M. Dunn, Inc.*, 29 AD3d at 1138-1139; *Johnson v Packaging Corp. of Am.*, 274 AD2d at 628; *Nephew v Barcomb*, 260 AD2d at 823).

Edison's contention that plaintiff's carelessness may have contributed to this fall is unsupported and, more importantly, a worker's contributory negligence is irrelevant to Labor Law § 240 (1) liability and insufficient to defeat summary judgment (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 287; *Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]; *Arey v M. Dunn, Inc.*, 29 AD3d at 1139; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]; *Clark v Fox Meadow Bldrs.*, 214 AD2d at 884). Further, Edison submitted no evidence that plaintiff's conduct was solely to blame for the fall (*cf. Blake v Neighbor-*

*hood Hous. Servs. of N.Y. City*, 1 NY3d at 290-291; *Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]) or that plaintiff was recalcitrant in deliberately refusing to use available safety devices (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-563 [1993]; *Hagins v State of New York*, 81 NY2d 921, 922-923 [1993]; *Powers v Del Zotto & Son Bldrs.*, 266 AD2d 668, 669-671 [1999]; *cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Danton v Van Valkenburg*, 13 AD3d 931, 932 [2004]).

Also unavailing is Edison's effort to rely on its alleged compliance with Occupational Safety and Health Act (hereinafter OSHA) regulations to create a question of fact as to whether its failure to provide protective devices violated Labor Law § 240 (1). The cited OSHA provision applies to employers, not owners such as Edison (*see* 29 CFR 1926.501 [a] [1]; *Millard v City of Ogdensburg*, 274 AD2d 953, 954 [2000]; *see also Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 694-695 [2006]). Also, Labor Law § 240 (1) "contain[s] its own specific safety measures" (*Long v Forest-Fehlhaber*, 55 NY2d 154, 160 [1982]) and, thus, an owner's asserted compliance with OSHA regulations does not defeat plaintiff's prima facie showing.

Finally, we discern no abuse of discretion in Supreme Court's decision to grant plaintiff partial summary judgment on his Labor Law § 240 (1) claim without providing Edison with additional time within which to complete discovery (*see* CPLR 3212 [f]). Edison offered no explanation for its failure to depose plaintiff during the 10 months since it filed its answer (*see Steinborn v Himmel*, 9 AD3d 531, 535 [2004]; *cf. Svoboda v Our Lady of Lourdes Mem. Hosp., Inc.*, 20 AD3d 805, 806 [2005]). Also, in opposition to plaintiff's motion, Edison submitted an affidavit of plaintiff's coworker who witnessed his fall, undermining Edison's unsupported and speculative claim that plaintiff "may have exclusive knowledge of facts which may defeat his motion and claims in general" (*see Steinborn v Himmel*, 9 AD3d at 535; *Oliveira v County of Broome*, 5 AD3d 898, 899 [2004]). Given Edison's inadequate showing, the grant of summary judgment to plaintiff was not premature.

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with costs.