Francis McGill et al., Respondents, v Fariha T. Qudsi, Appellant. [937 NYS2d 460]—

Peters, J.P.

To establish liability under Labor Law § 240 (1), plaintiffs were required to establish that defendant violated the statute and that the violation was a proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Beardslee v Cornell Univ.*, 72 AD3d 1371, 1371 [2010]; *Intelisano v Sam Greco Constr., Inc.*, 68 AD3d 1321, 1323 [2009]). "[T]he hazards contemplated by section 240 (1) 'are those related to the effects of gravity where protective devices are called for . . . because of a difference between the elevation level of the required work and a lower level' " (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561 [1993], quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *see Toefer v Long Is. R.R.*, 4 NY3d 399, 406-407 [2005]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]).

Here, plaintiff's fall from a ladder while removing the second-story window of an apartment building is the type of elevation-related risk for which Labor Law § 240 (1) was intended to provide protection (*see Gordon v Eastern Ry. Supply*, 82 NY2d at 561; *Fuller v Catalfamo*, 223 AD2d 850, 851 [1996]). Defendant contends, however, that there was no statutory violation because plaintiff was provided with an adequate safety device— the ladder—and there is no evidence that the ladder itself was

defective, that it slipped, tipped, was placed improperly or otherwise failed to support plaintiff. It is true that "a mere fall from a ladder or other similar safety device that did not slip, collapse or otherwise fail is insufficient to establish that the ladder did not provide appropriate protection to the worker" (*Briggs v Halterman*, 267 AD2d 753, 755 [1999]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 288; *Canino v Electronic Tech. Co.*, 28 AD3d 932, 933 [2006]; *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [1995]). Here, however, there were two distinct elevated risks associated with the window removal that plaintiff was hired to perform. The first risk was created by the need for plaintiff to elevate himself to the second story of the apartment building to access the window he needed to remove, and there are no allegations concerning the adequacy of this particular ladder as a device to safely elevate plaintiff. The second risk was created by the task of removing and lowering the four foot by five foot, 40- to 50-pound window down the ladder. It is defendant's complete failure to provide any safety device to protect plaintiff from this separate elevation-related hazard that gives rise to liability under Labor Law § 240 (1) as a matter of law (*see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Oliveira v Dormitory Auth. of State of N.Y.*, 292 AD2d 224 [2002]; *Nephew v Barcomb*, 260 AD2d 821, 823 [1999]; *Yu Xiu Deng v A.J. Contr. Co.*, 255 AD2d 202, 202-203 [1998]; *Barnaby v A. & C. Props.*, 188 AD2d 958, 959-960 [1992]). Despite defendant's assertions to the contrary, plaintiffs were not required to prove what particular safety devices would have prevented the accident (*see Miranda v Norstar Bldg. Corp.*, 79 AD3d 42, 48 [2010]; *Cody v State of New York*, 52 AD3d 930, 931 [2008]).

On the issue of proximate cause, it is uncontroverted that defendant failed to provide any device to protect plaintiff from falling while he descended the ladder with the window in tow and that plaintiff's injuries were caused by his fall from the ladder while so descending. Since the absence of any protective device was unquestionably a proximate cause of his accident, it is immaterial whether plaintiff's fall was precipitated by a loss of balance, misstep on the ladder or other carelessness on his part (*see Vergara v SS 133 W. 21, LLC*, 21 AD3d 279, 280 [2005]; *Laquidara v HRH Constr. Corp.*, 283 AD2d 169, 169 [2001]; *Clark v Fox Meadow Bldrs.*, 214 AD2d 882, 884 [1995]; *Yu Xiu Deng v A.J. Contr. Co.*, 255 AD2d at 202). Likewise, to the extent that defendant takes issue with the manner in which plaintiff removed the window, this argument amounts to a claim of contributory negligence which is irrelevant to liability under Labor Law § 240 (1) and insufficient to defeat summary judgment (*see*

1244

*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 287; *Dalaba v City of Schenectady*, 61 AD3d 1151, 1152 [2009]; *see also Smith v Picone Constr. Corp.*, 63 AD3d 1716, 1717 [2009]).

Rose, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.