■ Joseph Williams et al., Appellants-Respondents, v Town of Pittstown, Respondent-Appellant. [955 NYS2d 234]—

McCarthy, J. Cross appeals from an order of the Supreme Court (McGrath, J.), entered May 31, 2012 in Rensselaer County, which denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied defendant's cross motion for partial summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action.

Defendant's highway superintendent contacted plaintiff Joseph Williams (hereinafter plaintiff), a self-employed hydraulics specialist, to repair defendant's Gradall, a machine used to clean ditches. To get to the hydraulic pump, plaintiff needed to

remove the counterweight, which weighs 6,000 pounds. After the pump was repaired, plaintiff asked the highway superintendent for two employees and some equipment to assist him in putting the counterweight back on the Gradall. Plaintiff told one employee to lift the counterweight into place with a forklift, had the other employee position a bucket loader against the counterweight to keep it in place, and plaintiff went underneath the Gradall to line up bolt holes in the Gradall and counterweight. While the forklift was backing away after setting the counterweight on the Gradall, the counterweight fell to the ground, crushing plaintiff's foot and requiring a below-the-knee amputation of his leg.

Plaintiff and his wife, derivatively, commenced this action asserting causes of action for, among other things, common-law negligence and violations of Labor Law §§ 200 and 240 (1). Plaintiffs moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Defendant cross-moved for partial summary judgment seeking dismissal of the common-law negligence and Labor Law § 200 causes of action. Supreme Court denied both motions. Plaintiffs appeal and defendant cross-appeals.

Supreme Court erred in denying plaintiffs' motion. The parties do not dispute that plaintiff was repairing a structure when he was injured by the counterweight falling approximately 53 inches to the ground, which renders Labor Law § 240 (1) applicable. To prevail on his claim under that statute, plaintiff must show that defendant failed to provide a safety device or the device was inadequate, and that this violation was a proximate cause of his gravity-related injuries (*see Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1071 [2009]). Plaintiff submitted proof that defendant did not provide any pulleys, hoists, braces or ropes that would be appropriate safety devices to secure a heavy object, such as the counterweight, while it was being lifted. Even if the forklift and bucket loader can be considered safety devices (*compare Miranda v Norstar Bldg. Corp.*, 79 AD3d 42, 46-47 [2010]), they were inadequate because they failed to perform the function of preventing the counterweight from falling (*see Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]). The counterweight was unsecured due to the lack of a safety device and fell off the forklift because it was unsecured, proximately causing plaintiff's injuries. A property owner is liable under Labor Law § 240 (1) even if it exercised no control or supervision over a subcontractor performing a job on the property (*see Arey v M. Dunn, Inc.*, 29 AD3d 1137, 1139 [2006]). Despite plaintiff being responsible for deciding how to

move the counterweight, defendant is not relieved of liability because plaintiff chose a method he had been taught and had safely used more than 10 times in the past, such that his decision simply constitutes comparative fault that is not a defense under the statute (*see Pearl v Sam Greco Constr., Inc.*, 31 AD3d 996, 997 [2006], *lv denied* 11 NY3d 710 [2008]).

Defendant did not establish the recalcitrant worker defense, which requires proof that a safety device was available and visible at the work site and the employee deliberately refused to use it (*see Arey v M. Dunn, Inc.*, 29 AD3d at 1139). While defendant's expert opined that plaintiff should have at least loosely attached the counterweight to the Gradall with four securing bolts before removing the forklift, those bolts were not safety devices but were part of the Gradall. Plaintiff did not refuse to use those bolts; he planned to install them once the forklift was out of the way. His failure to install them while the forklift was still holding the counterweight was not recalcitrance, but perhaps poor judgment that would be applicable to the unavailable defense of comparative negligence.

Defendant also contends that plaintiff should have attached eyebolts to the top of the Gradall and lifted it with a chain. While defendant had a heavy chain on its property, the evidence is unclear as to whether defendant had eyebolts of the proper size. Plaintiff considered that method of lifting, but ruled it out because the bolt holes were rusty. One of defendant's employees testified that after plaintiff's accident, he put the counterweight back on the Gradall using the chain and eyebolts, but he had to spend an hour cleaning and repairing the bolt holes so they could accept the eyebolts. Although in hindsight it may have been better for plaintiff to repair the bolt holes and use a chain to lift the counterweight, defendant did not demonstrate that plaintiff was a recalcitrant worker by choosing to use an alternate method rather than the eyebolt method that was not immediately available at the time he was performing the task that caused his injury (*see Powers v Del Zotto & Son Bldrs.*, 266 AD2d 668, 670 [1999]; *see also Kouros v State of New York*, 288 AD2d 566, 567 [2001]; *Tennant v Curcio*, 237 AD2d 733, 734 [1997] [finding owner's offer to fashion a securing bracket not equivalent to supplying a safety device]). Accordingly, plaintiffs were entitled to partial summary judgment as to liability on their Labor Law § 240 (1) cause of action.

Supreme Court properly denied defendant's cross motion seeking dismissal of the common-law negligence and Labor Law § 200 causes of action. Defendant contends that it lacked the authority to supervise or control plaintiff's performance and

that its employees became special employees of plaintiff during this project. The determination of special employee status is generally a question of fact (*see Ribeiro v Dynamic Painting Corp.*, 23 AD3d 795, 796 [2005], *lv denied* 6 NY3d 707 [2006]; *Armstrong v Foxcroft Nurseries*, 283 AD2d 814, 815 [2001]). Although the two employees took all of their directions for this project from plaintiff and were instructed by the highway superintendent to treat plaintiff as their boss for the project, they were assigned to the project for one day, were paid by defendant, used defendant's equipment and did not consider themselves plaintiff's employees. Considering this evidence, defendant did not show as a matter of law that plaintiff had "exclusive control and direction of the manner, details and ultimate results of" the work by defendant's two employees (*Armstrong v Foxcroft Nurseries*, 283 AD2d at 814).

Rose, J.P., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action; motion granted; and, as so modified, affirmed.