*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    517956
_____

JERRY W. ORTMAN,

                    Appellant,

        v
                                        MEMORANDUM AND ORDER

JAMES LOGSDON et al.,
    Individually and Doing
    Business as SADDLEBACK FARM,
                    Respondents.
_____


Calendar Date:   September 8, 2014

Before:  McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.


                    _____


        Meggesto, Crossett & Valerino, LLP, Syracuse (Heather R.
LaDieu of counsel), for appellant.

        Coughlin & Gerhart, LLP, Binghamton (Brian Sadonis of
counsel), for respondents.


                    _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (McDermott, J.),
entered May 28, 2013 in Madison County, which denied plaintiff's
motion for partial summary judgment on the issue of liability
pursuant to Labor Law § 240 (1).

        Defendants are the owners of a 65-acre parcel of land
located in the Town of Hamilton, Madison County known as
Saddleback Farm, upon which they operate, among other things, a
horse-boarding business.  In May 2010, defendants contracted with
Ralph Colvin to construct a pole barn on the property that was to
be used for the training and exercising of horses and storage,
and Colvin, in turn, employed plaintiff to assist with this

project.  On June 11, 2010, plaintiff and others were installing wood purlins across the rafters on the pole barn.  According to plaintiff, he was injured when one of the purlins near the peak of the roof broke (allegedly due to a knot in the wood), causing him to fall approximately 30 feet to the ground.

Plaintiff thereafter commenced this action against defendants alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).  Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability as to his Labor Law § 240 (1) claim, which defendants opposed.  Supreme Court denied plaintiff's motion, prompting this appeal.

To prevail on his motion for partial summary judgment on his Labor Law § 240 (1) claim, plaintiff bore the burden of establishing – as a matter of law – that he was not provided with proper safety devices (or that the devices actually furnished were inadequate) and that such failure, in turn, was the proximate cause of his gravity-related injuries (see Gould v E.E. Austin & Son, Inc., 114 AD3d 1208, 1208 [2014]; Jackson v Heitman Funds/191 Colonie LLC, 111 AD3d 1208, 1209 [2013]; Williams v Town of Pittstown, 100 AD3d 1250, 1251 [2012]).  Viewing the evidence in the light most favorable to defendants as the nonmoving parties (see Evarts v Pyro Eng'g, Inc., 117 AD3d 1148, 1152 [2014]; Silvia v Bow Tie Partners, LLC, 77 AD3d 1143, 1146 [2010]), we find that the record presents questions of fact as to how the accident occurred and the availability, feasability and adequacy of certain safety devices at the work site.

Regarding the happening of the accident, both plaintiff and Colvin admitted that they initially advised medical personnel that plaintiff was injured when he fell from a hay mound or hay loft – purportedly in an effort to have Colvin's workers' compensation insurance cover plaintiff's injuries.  Documents in the record variously reflect that plaintiff fell from either a hay mound, a hay loft, a ladder or a barn and from a height ranging from 15 to 35 feet.  Given the divergent accounts of how the accident occurred, including plaintiff's current version indicating that he fell from a purlin inside of the barn, summary judgment is inappropriate.  Notably, if the accident did not take

place inside of the barn, the alleged unavailability and insufficiency of safety devices at defendants' job site would be irrelevant.

Additionally, although defendants – as the owners of the property – each testified that they did not personally provide plaintiff with any safety equipment, plaintiff, Colvin and Colvin's son all agreed that there was at least one extension ladder at the work site on the day in question, and plaintiff acknowledged that he used this ladder – at least initially – while installing the purlins. Hence, this is not a case where there was an utter and complete absence of an available safety device (see Briggs v Halterman, 267 AD2d 753, 754 [1999]; compare Dalaba v City of Schenectady, 61 AD3d 1151, 1152 [2009]).[1] Where an enumerated safety device has been furnished, whether such device afforded proper protection usually is a question of fact (see Beardslee v Cornell Univ., 72 AD3d 1371, 1372 [2010]; Canino v Electronic Tech. Co., 28 AD3d 932, 933 [2006]; Briggs v Halterman, 267 AD2d at 754-755). Here, the record contains conflicting testimony as to whether the extension ladder was capable of reaching the peak of the roof on the pole barn and, further, whether the ladder could be used to install the purlins in the first instance,[2] thereby presenting a triable issue of fact as to whether the ladder that plaintiff utilized to perform his elevation-related work afforded him proper protection within

---

[1] The record also contains conflicting proof as to the presence of additional safety devices – notably, a scaffold, a bucket truck and certain safety harnesses/belts/lanyards – at the work site, the feasibility of using such devices in performing the injury-producing work and whether those devices would afford adequate protection to plaintiff.

[2] Plaintiff testified that one could nail the purlins in place while standing on the extension ladder, but that the ladder would need to be moved repeatedly as each successive purlin was affixed. Colvin's son, on the other hand, testified that a ladder could not be used for installing the purlins, as one needed to be on the exterior of the roof in order to accomplish this task.

the meaning of the statute.  Accordingly, Supreme Court's order denying plaintiff's motion is affirmed.[3]

McCarthy, J.P., Rose, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3]  Contrary to defendants' assertion, the record fails to reflect that plaintiff "deliberately refused" to utilize available safety devices (Arey v M. Dunn, Inc., 29 AD3d 1137, 1139 [2006] [internal quotation marks and citation omitted]; see Dalaba v City of Schenectady, 61 AD3d at 1152-1153) and, therefore, we do not find plaintiff to be a recalcitrant worker.